UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JENKINS, JR.,

      Petitioner,        Case No 2:25-cv-10313
                                  HONORABLE DENISE PAGE HOOD

v.

JAMES R. SCHIEBNER,

      Respondent.
_____/

## ORDER DENYING THE MOTION FOR A STAY AND ABEYANCE

Samuel Jenkins, Jr., ("Petitioner"), filed a motion for an extension of time to file a petition for a writ of habeas corpus, which was construed as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 4, 2025, the Court granted Petitioner an extension of time of one hundred and twenty (120) days to file an amended habeas petition, held the case in abeyance, and administratively closed the case. (ECF No. 3).

Petitioner has now filed a motion to hold the case in abeyance so that he can return to the state courts to file a post-conviction motion to exhaust unspecified claims. For the reasons stated below, the Court denies the motion for a stay and abeyance. Petitioner has not filed an amended petition. The dismissal is without prejudice to Petitioner filing an amended petition for a writ of habeas corpus and a proper motion to hold that petition in abeyance.

1

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner is not entitled to a stay of proceedings for several reasons.

Petitioner does not specify what issues that he wishes to raise in the state courts. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth a number of requirements for a petition. One of the requirements is that a habeas petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. Petitioner's motion for a stay cannot serve as the equivalent for a petition for a writ of habeas corpus, particularly because Petitioner failed to specify the grounds for relief. *See e.g. Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014).

2

Moreover, assuming that the motion for a stay could be construed as a petition for a writ of habeas corpus, Petitioner failed to delineate the issues that he wishes to raise either here or in the state courts, thus, this Court is unable to determine whether Petitioner's claims have any potential merit or whether they are "plainly meritless." Petitioner also does not state why such claims have not been exhausted with the state courts, thus, he has failed, at this time, to establish good cause for failing to exhaust these claims in the state courts, so as to entitle him to a stay of the proceedings. Petitioner's bare-bones motion for a stay of proceedings does not satisfy the requirements under *Rhines* for the issuance of a stay of proceedings. *See Cunningham v. Conway*, 717 F. Supp. 2d 339, 349 (W.D.N.Y. 2010).

Finally, it is unclear whether Petitioner desires to file an actual petition for a writ of habeas corpus at this time. Before a district court re-characterizes a pleading as a habeas petition brought under 28 U.S.C. § 2254, it must give notice to the petitioner of its intention to convert the petition into one brought under § 2254 and give the petitioner the option of withdrawing the petition. *See Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004) (citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002)). The re-characterization of a pleading as a § 2254 petition without prior notice to a habeas petitioner may bar him from asserting a habeas challenge to his state

sentence at a later date, due to the limitations on the filing of second or successive habeas petitions that is contained in 28 U.S.C.§ 2244(b). *Id.*

Rather than re-characterizing Petitioner's current motion as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court shall deny his motion without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that Petitioner may wish to file in the future. *Id.* at 713 (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

The Court will DENY Petitioner's motion for a stay and abeyance **(ECF No. 4)** WITHOUT PREJUDICE. The denial is without prejudice to Petitioner filing an amended petition for a writ of habeas corpus with the United States District Court for the Eastern District of Michigan, along with a properly filed motion to hold that petition in abeyance.

**IT IS ORDERED.**

Dated: July 24, 2025

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

4