UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JENKINS, JR.,

                Petitioner,          Case No 2:25-cv-10313
                                      HONORABLE DENISE PAGE HOOD

v.

JAMES R. SCHIEBNER,

                Respondent.

_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO AMEND THE HABEAS PETITION (ECF No. 8), GRANTING THE MOTION TO CONTINUE THE STAY AND TO HOLD THE PETITION IN ABEYANCE (ECF No. 7), AND (3) DENYING AS PREMATURE THE MOTION TO REOPEN THE CASE (ECF No. 6)**

Samuel Jenkins, Jr., ("Petitioner"), filed a motion for an extension of time to file a petition for a writ of habeas corpus, which was construed as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court granted Petitioner an extension of time to file an actual habeas petition, held the case in abeyance, and administratively closed the case. (ECF No. 3).

Petitioner has now filed an amended habeas petition, which is construed as motion to amend the habeas petition. The Court permits Petitioner to file an amended habeas petition, because it advances claims

that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).  The motion is GRANTED.

Petitioner has also moved to stay the case and hold it in abeyance so he can return to the state courts to exhaust additional claims. That motion is GRANTED.

Finally, Petitioner has filed a motion to reopen the case, which is denied as premature, since the Court will be continuing the stay of proceedings under new terms outlined below to allow Petitioner to return to the state courts to exhaust additional claims contained in his amended habeas petition.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

However, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. §

2

2244(d)(1).   A common circumstance that calls for the abatement of a habeas petition arises when the original petition was timely filed, as the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, Petitioner could assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, nn. 4 and 5.  Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel

3

claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  Finally, the mere fact that all of Petitioner's claims are unexhausted does not prevent this Court from holding his petition in abeyance. *See Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020).

Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Genesee County Circuit Court. *See Wagner v. Smith,* 581 F.3d at 419.  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

4

Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within **ninety (90) days** from the date of this Order. *See id.*

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending Petitioner's exhaustion of the claim or claims.  Petitioner must ask this Court to lift the stay within **ninety (90) days** after the conclusion of the state court post-conviction proceedings, using the same caption and case number, along with a motion to reopen the case. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

"If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted). Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Finally, the Court will continue to administratively close the case while Petitioner exhausts his claims in the state courts. His motion to reopen is therefore DENIED as premature.

Accordingly, **IT IS ORDERED** that motion to amend the petition (ECF No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to stay (ECF No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** the motion to reopen the case (ECF No. 6) is **DENIED** as premature.


s/Denise Page Hood
Denise Page Hood
Dated:  September 30, 2025      United States District Judge